# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

TIMOTHY L. MORTON,

    Plaintiff,

VS.

                                      No. 05-1114-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

## ORDER GRANTING MOTION FOR EXTENSION OF TIME
## ORDER TO COMPLY WITH PLRA
## ORDER ASSESSING $250 FILING FEE
## ORDER OF DISMISSAL
## ORDER DENYING APPOINTMENT OF COUNSEL
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
## AND
## NOTICE OF APPELLATE FILING FEE

---

Plaintiff Timothy L. Morton, Tennessee Department of Correction ("TDOC") prisoner number 324048, who is currently incarcerated at the Southeastern Tennessee Regional Correctional Facility ("STSR") in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 15, 2005 in connection with his previous confinement at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. The Court issued an order on April 25, 2005 directing the plaintiff to comply with the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), or remit the full $250 civil filing fee. On

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 8/8/05

May 24, 2005, plaintiff filed a motion seeking an extension of time to respond to the Court's order.  For good cause shown, that motion is GRANTED.  On June 3, 2005, plaintiff submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer, along with a motion seeking appointment of counsel.  The Clerk shall record the defendants as the Corrections Corporation of America ("CCA") and WCF Warden Stephen Dotson.

I.      Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1]  The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer.  Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a trust fund account statement for the six months prior to the commencement of this action.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or

---

[1]   Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal

3

of this case.  28 U.S.C. § 1915(e)(2).  If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.  If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.  The Clerk is further ORDERED to forward a copy of this order to the warden of the STSR to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.  However, the Clerk shall not issue process or serve any other papers in this case.

II.    Analysis of Plaintiff's Claims

Although the complaint is not clearly organized, it appears to assert several claims related to the plaintiff's disability.  The plaintiff apparently suffers from a T-8 wedge fracture of his back and, as a result, the TDOC issued him a Prosthetic Durable Medical Equipment Receipt authorizing him to have an extra mattress.  On or about November 10, 2004, in the course of a facility lockdown, each cell was checked for contraband.  Sergeant Beaver, who is not a party to this action, took the plaintiff's extra mattress.  The documents submitted by the plaintiff indicate he was issued a new Prosthetic Device/Durable Medical Equipment Receipt, dated December 16, 2004, stating that he is entitled to an extra mattress

and an extra blanket until his release from TDOC custody.  Subsequently, on December 17, 2004, plaintiff received a write up for refusing a direct order after a verbal altercation with a corrections officer.  That incident stemmed from an officer's refusal to immediately issue the plaintiff a new mattress because the property room was closed.  The plaintiff also alleges that, upon his arrival at the WCF on June 25, 2004, he was not given a work assignment due to his medical limitations.  As a result, the plaintiff is unable to earn sentence credit.  The plaintiff seeks monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies.  Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system).  This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims.  Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to

the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

The plaintiff has not satisfied his burden of demonstrating that he exhausted each of his claims. The plaintiff submitted a copy of a grievance, dated December 15, 2004, concerning the removal of his mattress. That grievance was rejected as untimely on December 16, 2004. Although the untimeliness of the grievance has no bearing on the plaintiff's compliance with 42 U.S.C. § 1997e(a), Thomas v. Woolum, 337 F.3d 720, 723

6

(6th Cir. 2003), this grievance did not purport to exhaust plaintiff's claims against defendant Dotson, the only individual defendant named in the complaint, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her). <u>See also</u> <u>Thomas</u>, 337 F.3d at 733-34; <u>Curry</u>, 249 F.3d at 504.

The complaint does not indicate the resolution of the disciplinary write-up the plaintiff was issued for disobeying a direct order.

It also does not appear that the plaintiff has exhausted his claim concerning the failure to assign him a prison job. The plaintiff also submitted a grievance on February 16, 2005 that seems to have something to do with backpay. The complaint does not indicate the resolution of this grievance. Plaintiff also filed another grievance concerning backpay on February 28, 2005, which was rejected on March 11, 2005 as duplicative of another pending grievance. These grievances are, at best, only tangentially related to the claim concerning failure to assign the plaintiff to a prison job, and the grievances do not mention defendant Dotson.[2]

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of

---

[2] Although the plaintiff has also attached several memoranda that he wrote to various persons inside and outside his prison, these documents have no bearing on whether he satisfied the requirements of § 1997e(a). The Sixth Circuit has held that an inmate's letters and petitions are no substitute for a formal inmate grievance. <u>Shephard v. Wilkinson</u>, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); <u>Hewell v. Leroux</u>, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); <u>see also</u> <u>Clark v. Beebe</u>, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

administrative remedies through 'particularized averments' does not state a claim on which

relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d

at 489.[3]  Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss

any complaint that contains unexhausted claims rather than attempting to sever the

exhausted claims.  As a result, a case must be dismissed unless a prisoner has exhausted each

of his claims with respect to every defendant named in each claim.  Foushee v. Wiggins, No.

3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005).  Accordingly, the Court

DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C.

§ 1997e(a).  In light of the dismissal of this action, the motion for appointment of counsel

is DENIED.

III.    Appeal Issues

        The next issue to be addressed is whether plaintiff should be allowed to appeal this

decision *in forma pauperis*.  Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may

not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good

faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S.

438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.

Accordingly, it would be inconsistent for a district court to determine that a complaint

should be dismissed prior to service on the defendants, yet has sufficient merit to support an

---

[3]  As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4]  In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA.  Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this _5_ day of August, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4]  Effective November 1, 2003, the fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 1:05-CV-01114 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

---

Timothy L. Morton
324048
Rt. 4, Box 600
Pikeville, TN 37367

Honorable James Todd
US DISTRICT COURT