IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY L. MORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 05-1114-T |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Timothy L. Morton, Tennessee Department of Correction prisoner number 324048, an inmate at the Southeastern Tennessee Regional Correctional Facility ("STRCF"), has filed a notice of appeal from the Court's order of dismissal and judgment, entered on the docket on August 8, 2005 and August 9, 2005, respectively. The order of dismissal certified under 28 U.S.C. § 1915(a)(3) that this appeal is not taken in good faith.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the provisions of § 1915(b). <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997). Section 1915(b) provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds

        exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
- (A) the average monthly deposits to the prisoner's account; or
- (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, the statute does not excuse the payment of the full filing fee; it merely provides the prisoner an opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer at his prison. Although the plaintiff has not submitted a trust fund account statement, the information contained in the affidavit is sufficient to permit assessment of the filing fee. The trust fund officer has certified that the average monthly balance in plaintiff's account for the last six months was $14.01; therefore, the Court hereby assesses a partial initial filing fee of 20% of that amount, which equals $2.80.

Accordingly, the trust fund officer at plaintiff's prison is ORDERED to collect, when plaintiff's trust fund account contains any funds, the partial initial filing fee in the amount of $2.80 and pay it directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the

Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial appellate filing fee is paid in full.

It is further ORDERED that after the initial partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of Court monthly payments equal to 20% of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 appellate filing fee is paid.

The assessment of this fee does not supplant the previous assessment of the district court filing fee. Rather, plaintiff is now obliged to pay both fees. Furthermore, the assessment of the two fees must now be made simultaneously. That is, the trust fund officer shall collect 20% of the previous month's deposits for the district court filing fee and simultaneously collect 20% of the same month's deposits for the appellate court fee. Thus, the prison shall collect 40% of the deposits each month until the district court fee is paid. When only the appellate fee remains outstanding, the trust fund officer shall collect 20% of the monthly deposits until that fee is also paid in full. Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998); Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997) (holding that "fees for filing the complaint and appeal cumulate").

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the

3

account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301,

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address and provide the officials at the new prison with a copy of this order.

The Clerk is directed to mail copies of this order to the prison official in charge of prison trust fund accounts at STRCF and to the warden of STRCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. The Clerk shall also send a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

                                               *James D. Todd*
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE

                                               *31 August 2005*
                                               DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 1:05-CV-01114 was distributed by fax, mail, or direct printing on August 31, 2005 to the parties listed.

---

Timothy L. Morton
324048
Rt. 4, Box 600
Pikeville, TN 37367

Honorable James Todd
US DISTRICT COURT